UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:18-CR-128 DRL-MGG |
| GENECO TERRELL GLOVER, | |
| Defendant. | |

OPINION AND ORDER

Geneco Glover moved *pro se* for compassionate release or alternatively service of his remaining sentence on home confinement. The government opposes his motion. The court denies his request for home confinement because the Bureau of Prisons has exclusive authority to determine the location where an inmate serves his custodial sentence, including whether transfer from a secure facility to home confinement is appropriate. *See* 18 U.S.C. § 3621(b); *Tapia v. United States*, 564 U.S. 319, 331 (2011); *McKune v. Lile*, 536 U.S. 24, 39 (2002) (plurality).

Compassionate release is governed by 18 U.S.C. § 3582(c)(1), which says the court generally "may not modify a term of imprisonment once it has been imposed." One exception, argued here, is when "extraordinary and compelling reasons warrant" a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The commentary of U.S.S.G. § 1B1.13 can provide guidance. *See United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020); *see also* U.S.S.G. § 1B1.13 app. n.1 (medical conditions, age, or family circumstances). Even then, his release must satisfy the factors under 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Cochran*, 833 F. Appx. 5, 9 (7th Cir. 2020). The government concedes that Mr. Glover exhausted his administrative remedies. *See United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021).

The court sentenced Mr. Glover in August 2020 to 57 months for mail fraud and aggravated identity theft. He has served about 12 months given his credit for time served before sentencing. He

has a release date of March 15, 2024. He is 39 years old. Mr. Glover says his health conditions during the COVID-19 pandemic are extraordinary and compelling reasons in their totality to warrant release: an immunocompromised state from HIV, arthritis, and his state of inhaling second-hand smoke because of his imprisonment. Arthritis is not an at-risk category, so the court considers his other two health conditions.

The CDC says smokers are at an increased risk of severe illness from COVID-19, but it speaks only of smokers or former smokers.[1] Mr. Glover says he is a former smoker and thus at an increased risk; but prison populations are full of people who are former smokers, and a history of smoking alone isn't extraordinary or compelling today. The CDC estimates that 14 percent of the U.S. population in 2019 were current smokers, not accounting for any measure of the population that were former smokers. Mr. Glover should follow the CDC's guidance to refrain from smoking to lower his risk. The guidance doesn't speak of inhalers of second-hand smoke. In addition, the BOP generally prohibits inmate possession or use of smoking products,[2] so any exposure he may have is minimized. Even assuming that inmates violate these rules, and they no doubt on occasion do, there isn't any evidence that such rule-breaking is so widespread as to increase his risk dramatically.

The CDC lists individuals with an immunocompromised state from HIV as potentially at an increased risk for severe illness from COVID-19, not at an actual increased risk.[3] The CDC recommends people with this condition continue taking proper medication, and the BOP is equipped to handle that for Mr. Glover, and has been for many months. Indeed, the CDC believes that people

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#smoking.

[2] U.S. Dept. of Justice, Program Statement, 3 (Jan. 7, 2015), https://www.bop.gov/policy/progstat/1640_005.pdf.

[3] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

with HIV who are on effective HIV treatment have the same risk for COVID-19 as people who don't have HIV.[4] The court considered his condition at the time of sentencing and likewise found that his medical condition wasn't extraordinary, citing U.S.S.G. § 5H1.4, *see also* 18 U.S.C. § 3553(a)(5), and instead one that the BOP had the tools to address. His medical condition thus isn't an extraordinary or compelling reason for release.

Mr. Glover isn't considered at a high-risk age. He resides at FCI Morgantown. Today, the facility has no active COVID-19 cases out of 441 total inmates.[5] Moreover, the BOP continues to vaccinate its inmates and staff, with 87 staff members and 12 inmates having been vaccinated at FCI Morgantown.[6] The BOP has been heroically undeterred in combatting the challenges of the COVID-19 pandemic. Though the trajectory of this pandemic could change, as vaccinations increase and safety protocols continue to be used, the acute risks of months gone by should continue to wane. Accordingly, Mr. Glover's situation isn't extraordinary and compelling. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

The sentencing factors likewise militate against compassionate release here. *See* 18 U.S.C. § 3553(a). Mr. Glover defrauded approximately 65 victims over an extensive 14-year period, stealing more than $160,000. *See* 18 U.S.C. § 3553(a)(1). His scheme stretched across multiple states. *See id.* It was extensive. He persisted in this fraud after knowing he had been indicted; and he evaded arrest by law enforcement for 14 months. The court adheres to the wisdom that when the certainty of an indictment isn't enough to correct one's behavior or promote respect for the law, a sentence must be. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(A), (a)(2)(B). Service of a mere 12 months of a 57-month sentence barely scratches the surface of just punishment, adequate deterrence, or protection of the public. Recidivism for fraud offenders may be the lowest among federal offenders (34.2 percent rearrest rate),

---

[4] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/hiv.html.

[5] https://www.bop.gov/coronavirus/.

[6] *Id.*

3

*see* United States Sent. Comm'n, *Recidivism Among Federal Offenders* (2016); but, for a man convicted of theft, fraud, identity theft, grand theft, and forgery even before his federal crimes, his graduation from misdemeanors to felonies, and his evasion from law enforcement, this proves a much too conservative outlook of his risk of relapse. Mr. Glover is right that his crime was non-violent, but his victims were deeply impacted. His conduct's duration and persistence and the number of victims here work against early release. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(A), (a)(6).

Considering the § 3553(a) factors, the COVID-19 precautions the BOP is taking, and the BOP's ability to care for inmates with similar medical conditions, the court DENIES Mr. Glover's request for compassionate release or to serve the remainder of his sentence in home confinement (ECF 71).

SO ORDERED.

March 29, 2021                                          *s/ Damon R. Leichty*
                                                        Judge, United States District Court